# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3855 | **DATE** | 7/11/2001 |
| **CASE TITLE** | Broadmark Capital vs. Globalnet, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. GlobalNet's Answer is stricken in its entirety, with leave granted to counsel to file a self-contained amended responsive pleading in this Court's chambers (with a copy of course sent to opposing counsel) on or before July 22, 2001. Finally, the possibility of considering any further sanction because of the Rule-violative original pleading will depend on whatever explanation GlobalNet's counsel may offer at the previously scheduled July 12 status hearing in this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| ✓ | Notices mailed by judge's staff. | | | date docketed | | |
| | Notified counsel by telephone. | | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | 7/11/2001 date mailed notice | | |
| SN | courtroom deputy's initials | | | SN mailing deputy initials | | |

JUL 12 2001

FILED FOR DOCKETING
01 JUL 11 PM 4: 09

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BROADMARK CAPITAL CORPORATION, )
INC., )
)
Plaintiff, )
)
v. )  No. 01 C 3855
)
GLOBALNET, INC., )
)
Defendant. )



## MEMORANDUM OPINION AND ORDER

GlobalNet, Inc. ("GlobalNet") has filed a responsive
pleading--an Answer to Complaint and Affirmative Defenses--that
purports to respond to the Complaint brought against GlobalNet by
Broadmark Capital Corporation, Inc. ("Broadmark"). Because that
filing has flouted several of the most fundamental requirements
of federal pleading, this memorandum opinion and order is issued
sua sponte to strike that response and to order GlobalNet's
counsel to return to the drawing board to submit a proper
pleading in its place.

To begin with, both Answer ¶¶4 and 5 characterize the
corresponding provisions of the Complaint as "call[ing] for a
legal conclusion to which no response is necessary." That is
flat-out wrong--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v.
Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). But that violation
of Fed. R. Civ. P. ("Rule") 8(b) is just the beginning and not
the end of the improper handling that is reflected in GlobalNet's
response to those Complaint paragraphs, for in both instances the

Answer goes on to deny "each and every allegation set forth in paragraph -- of the Complaint" if a response is found necessary. Those denials cannot withstand analysis:

1. As to Complaint ¶4, there is no earthly way in which GlobalNet can deny the existence of the jurisdictional amount in controversy (which is of course not a function of whether Broadmark's claim will succeed, but rather requires only that the <u>controversy</u> involves more than $75,000). So that denial plainly cannot be put forward in the objective good faith required of every federal pleader under Rule 11(b)--and even worse, such denial cannot be advanced in subjective good faith either.

2. As for the jurisdictional allegation contained in the first sentence of Complaint ¶4, again a denial is impermissible under the circumstances. Given GlobalNet's permissible Rule 8(b) disclaimer of the Complaint's allegations as to Broadmark's corporate citizenship (Answer ¶2), the most that GlobalNet's lawyer can do in good conscience is to state a comparable disclaimer as to Complaint ¶4's first sentence.

3. If anything, Answer ¶5 is worse. In light of what GlobalNet has admitted in the last sentence of that paragraph, it simply cannot deny the venue allegations of Complaint ¶5.

Even if GlobalNet's counsel were to attempt to excuse the just-discussed violations as reflecting mere carelessness or something of the sort (an effort that would not suffice by way of justification in any event), no such potential excusability could apply to the clearly improper manner with which GlobalNet has addressed the Complaint's substantive allegations. Complaint Ex. 1 is a photocopy of a four-plus page single spaced December 18, 2000 letter agreement signed by the parties ("Agreement"). Each of GlobalNet's purported responses to the Complaint's allegations about the terms of the Agreement comprises a flat denial coupled with the statement that GlobalNet "respectfully refers the Court to the alleged agreement dated December 18, 2000 for the contents thereof." This Court has accepted GlobalNet's invitation to do so, and it finds that each such denial is a model of dissimulation:

1. Answer ¶6 denies GlobalNet's entry into the Agreement and its attachment as Complaint Ex. 1. Just how that can be done in good conscience is a total mystery.

2. Answer ¶7 denies allegations of the Complaint that are drawn expressly from Agreement ¶1 and from the Agreement's definition of "Services." That denial too must be seen as wholly frivolous.

3. Answer ¶8 denies allegations by Broadmark that are drawn expressly from the provisions of Agreement ¶1.a.

3

Again no such denial is permissible.

4. Answer ¶9 inexplicably denies a direct quotation by Broadmark from the language of Agreement ¶2. What has been said before applies with equal force here.

5. Answer ¶14 denies an allegation that is also drawn directly from Answer ¶1.a. Once more no such denial can be countenanced.

As if all this were not enough (or more than enough), each of the Answer's several Affirmative Defenses ("ADs") is also problematic. Only a brief explanation is required to demonstrate that:

1. AD 1, which is the equivalent of a Rule 12(b)(6) motion, must be and is stricken. When Broadmark's allegations are accepted as true, as they must be for purposes of both Rule 12(b)(6) and Rule 8(c)(in the latter respect, see App. ¶5 of State Farm), Broadmark has certainly stated a claim upon which relief can be granted.

2. AD 2 asserts without further explanation that Broadmark has "fail[ed] to satisfy a condition precedent." That may or may not be so, but it is impossible to tell without further elaboration. Even under the generous regime of notice pleading that applies to federal litigation, GlobalNet's conclusory assertion is inadequate. AD 2 is therefore also stricken, but in this instance with leave

granted to include a comparable but properly fleshed-out AD as part of the amended pleading hereafter required by this order.

3. AD 3 is subject to the same defect as AD 2, and the same order applies. Indeed, amplification of AD 3 is particularly needed to explain how a claimed Statute of Frauds defense applies to a claim based (as here) on a written agreement.

4. AD 4 leaves this Court very much in the dark. In light of the nature of Broadmark's claim, it is difficult to see how mitigation of damages can enter into the equation at all. Accordingly AD 4 is also stricken, again with leave to file an amplified AD as part of the amended pleading.

## Conclusion

In candor, no lawyer ought to have submitted the type of pleading that has been advanced on GlobalNet's behalf here. As a starter, the present pleading is stricken in its entirety, with leave granted to GlobalNet's counsel to file a self-contained amended responsive pleading in this Court's chambers (with a copy of course sent to opposing counsel) on or before July 22, 2001. In addition, GlobalNet's counsel are ordered to send a copy of this opinion to their client, together with a letter advising that counsel will make no charge to GlobalNet for the added work and expense incurred in correcting counsel's own errors (with a

copy of that letter also being delivered to this Court's chambers as an informational matter, not for filing). Finally, the possibility of considering any further sanction because of the Rule-violative original pleading will depend on whatever explanation GlobalNet's counsel may offer at the previously scheduled July 12 status hearing in this action.

Milton I. Shadur
Senior United States District Judge

Date:  July 11, 2001